**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

DEIRDRE YOUNG,

          *Plaintiff*,

v.

WASHINGTON GAS LIGHT COMPANY,

   and

TEMPORARY SOLUTIONS, INC.

       *Defendants*.

Case No.: 1:23-cv-00445

### DEFENDANT TEMPORARY SOLUTION INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Temporary Solutions, Inc. ("TSI" or "Defendant") hereby submits this, its Answer and Affirmative Defenses to Plaintiff Deirdre Young's ("Ms. Young" or "Plaintiff") First Amended Complaint (the "Complaint") [Dkt. 1-7], showing the Court as follows:[1]

### ANSWER

Responding to the specifically enumerated paragraphs of the Complaint, TSI states as follows:

TSI denies the factual allegations set forth in the preamble to the Complaint that precedes Paragraph 1 of the Complaint.

---

[1] By filing this Answer, Temporary Solutions is not waiving its arguments made in its previously filed Motion to Dismiss [Dkt. 8]. Temporary Solutions maintains its position that Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim upon which relief may be granted. Notwithstanding the pendency of its Motion to Dismiss, Temporary Solutions is filing this Answer out of an abundance of caution given the Court's language in its October 6, 2023 Scheduling Order [Dkt. 22] that "[a]ny party required to file an answer must do so within twenty (20) days."

1.      TSI admits only that Plaintiff was employed by TSI and was placed with its client, Defendant Washington Gas & Light Company ("Washington Gas"), from approximately February 2018 until March 2020, and that Plaintiff earned $20.00 an hour and worked, on average, 36 hours per week, which was approximately $36,500.00 annually. The remaining portion of Paragraph 1 contains a legal conclusion to which no response is required. To the extent a response is required, TSI denies the remaining allegations asserted in Paragraph 1 of the Complaint, including any implication that Plaintiff is entitled to any relief against TSI under the Virginia Human Rights Act ("VHRA"),[2] 42 U.S.C. § 1981 ("Section 1981"), or any other applicable law.

2.      TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 2 of the Complaint and therefore, denies the same.

3.      Responding to Paragraph 3 of the Complaint, TSI admits only that it is an employee placement company with an office located in Virginia. The remainder of Paragraph 3 contains a legal conclusion to which no response is required. To the extent a response is required, TSI denies the remaining allegations asserted in Paragraph 3 of the Complaint, including any implication that Plaintiff is entitled to any relief against TSI under the VHRA, Section 1981, or any other applicable law.

4.      Responding to the allegations in Paragraph 4 of the Complaint, TSI admits only that subject matter jurisdiction is proper in this Court. TSI expressly denies that Plaintiff has any viable claims under the VHRA, federal law, or any other applicable law.

---

[2] Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14], but, to date, has not submitted any proposed amended Complaint that removes her claims under the VHRA.

5.      Responding to the allegations in Paragraph 5 of the Complaint, TSI admits only that venue is proper in this Court. TSI denies any implication that it either finalized or approved Plaintiff's termination, as Plaintiff was not terminated by TSI.

6.      TSI admits that Plaintiff filed a charge of discrimination against TSI and Washington Gas with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about August 11, 2020, Charge No. 570-2020-02394. Except as expressly admitted herein, TSI denies any remaining allegations in Paragraph 6 of the Complaint.

7.      TSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 7 of the Complaint as TSI never received any notice of any such claim filed with the Virginia Office of Civil Rights, and therefore, denies the same.

8.      TSI admits that Plaintiff received a notice of right to sue from the EEOC. Except as expressly admitted herein, TSI denies any remaining allegations in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint contains only a legal conclusion to which no response is required. To the extent a response is required, TSI denies the allegations asserted in Paragraph 9 of the Complaint.

10.     Responding to the allegations in Paragraph 10 of the Complaint, TSI admits only that Plaintiff is a Black female, is approximately 56 years of age, and was placed by TSI at Washington Gas. TSI denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11.     TSI admits the allegations asserted in Paragraph 11 of the Complaint.

12.     Responding to the allegations in Paragraph 12 of the Complaint, TSI admits only that it hired Plaintiff on July 19, 2017 and that she was placed in her position with Washington

Gas in Virginia from February 2018 until March 17, 2020. TSI denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, TSI denies the allegations asserted in Paragraph 13 of the Complaint as stated, and admits only that, during her placement with Washington Gas, Plaintiff worked at Washington Gas's physical locations, at hours consistent with Washington Gas's business needs, and with one or more Washington Gas employees who oversaw Plaintiff's work; and that Washington Gas decided to furlough Plaintiff after the onset of the COVID-19 pandemic.

14.     Paragraph 14 of the Complaint contains a legal conclusion regarding the employment status of Plaintiff to which no response is required. TSI admits the remaining allegations asserted in Paragraph 14 of the Complaint.

15.     TSI admits that Plaintiff was supervised by Lynette Hyde ("Ms. Hyde") during part of her tenure at Washington Gas and that Ms. Hyde retired in January 2019. TSI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations asserted in Paragraph 15 of the Complaint, and therefore, denies the same.

16.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 16 of the Complaint and therefore, denies the same.

17.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 17 of the Complaint and therefore, denies the same.

18.     Responding to the allegations in Paragraph 18 of the Complaint, TSI admits only that, at some point in 2019, Thomas Robb ("Mr. Robb") of Washington Gas supervised the performance of Plaintiff and other employees placed by TSI at Washington Gas. Except as set

forth herein, TSI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations asserted in Paragraph 18 of the Complaint and therefore, denies the same.

19.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 19 of the Complaint and therefore, denies the same.

20.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 20 of the Complaint and therefore, denies the same.

21.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 21 of the Complaint and therefore, denies the same.

22.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 22 of the Complaint and therefore, denies the same.

23.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 23 of the Complaint and therefore, denies the same.

24.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 24 of the Complaint and therefore, denies the same.

25.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 25 of the Complaint and therefore, denies the same.

26.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 26 of the Complaint and therefore, denies the same.

27.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 27 of the Complaint and therefore, denies the same.

28.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 28 of the Complaint and therefore, denies the same.

29.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 29 of the Complaint and therefore, denies the same.

30.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 30 of the Complaint and therefore, denies the same.

31.     Responding to Paragraph 31, TSI admits only that Plaintiff raised concerns about Mr. Robb to Gwendolyn Drain ("Ms. Drain") of TSI. Except as expressly admitted herein, TSI denies the remaining allegations asserted in Paragraph 31 of the Complaint, including that Plaintiff's concerns qualified as protected activity.

32.     Responding to Paragraph 32, TSI admits only that Ms. Drain informed Plaintiff that she should speak to Mr. Robb if she had any concerns about him. Except as expressly admitted herein, TSI denies the remaining allegations asserted in Paragraph 32 of the Complaint, including that Plaintiff informed Ms. Drain of any alleged past racist and ageist comments.

33.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 33 of the Complaint and therefore, denies the same.

34.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 34 of the Complaint and therefore, denies the same.

35.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 35 of the Complaint and therefore, denies the same.

36.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 36 of the Complaint and therefore, denies the same.

37.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 37 of the Complaint and therefore, denies the same.

38.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 38 of the Complaint and therefore, denies the same.

39.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 39 of the Complaint and therefore, denies the same.

40.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 40 of the Complaint and therefore, denies the same.

41.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 41 of the Complaint and therefore, denies the same

42.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 42 of the Complaint and therefore, denies the same.

43.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 43 of the Complaint and therefore, denies the same.

44.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 44 of the Complaint and therefore, denies the same.

45.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 45 of the Complaint and therefore, denies the same.

46.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 46 of the Complaint and therefore, denies the same.

47.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 47 of the Complaint and therefore, denies the same.

48.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 48 of the Complaint and therefore, denies the same.

49.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 49 of the Complaint and therefore, denies the same.

50.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 50 of the Complaint and therefore, denies the same.

51.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 51 of the Complaint and therefore, denies the same.

52.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 52 of the Complaint and therefore, denies the same.

53.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 53 of the Complaint and therefore, denies the same.

54.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 54 of the Complaint and therefore, denies the same.

55.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 55 of the Complaint and therefore, denies the same.

56.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 56 of the Complaint and therefore, denies the same.

57.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 57 of the Complaint and therefore, denies the same.

58.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 58 of the Complaint and therefore, denies the same.

59.     Responding to Paragraph 59 of the Complaint, TSI admits only that Plaintiff informed Ms. Drain that she had some concerns about Mr. Robb and her placement at Washington

Gas in March 2020, but denies that Plaintiff indicated that she was being discriminated against based on her race or age.

60.     Responding to the allegations in Paragraph 60 of the Complaint, TSI admits only that employees placed at Washington Gas by TSI were furloughed because of the COVID-19 pandemic. TSI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations asserted in Paragraph 60 of the Complaint and therefore, denies the same.

61.     TSI admits only that Plaintiff and Tyrita Thomas ("Ms. Thomas") were not asked to return to their placements at Washington Gas by Washington Gas after the COVID-19 furlough was lifted by Washington Gas, and that TSI then informed Plaintiff that she was not being asked to return on June 5, 2020. TSI furthermore expressly denies any allegation that it made any decisions regarding who to call back to work at Washington Gas. Additionally, after Plaintiff was not asked to return to Washington Gas, TSI immediately offered Plaintiff replacement employment at the same rate of pay. TSI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations asserted in Paragraph 61 of the Complaint, including when Plaintiff learned Ms. Thomas was not being asked to return, and therefore, denies the same.

62.     TSI denies the allegations asserted in Paragraph 62 of the Complaint.

63.     TSI lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 63 of the Complaint and therefore, denies the same.

64.     TSI denies the allegations asserted in Paragraph 64 of the Complaint.

65.     TSI incorporates its responses to the preceding paragraphs as if fully incorporated herein.

66.     Paragraph 66 of the Complaint contains only a legal conclusion to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA

as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI admits only that it was the record employer of Plaintiff during portions of the time frame alleged in the Complaint, and denies the remaining allegations asserted in Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint contains only a legal conclusion to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI denies the allegations asserted in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint contains only a legal conclusion to which no response is required.

69.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 69 of the Complaint.

70.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 70 of the Complaint.

71.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 71 of the Complaint.

72.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 72 of the Complaint.

73.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 73 of the Complaint.

74.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 74 of the Complaint.

75.     TSI incorporates its responses to the preceding paragraphs as if fully incorporated herein.

76.     Paragraph 76 of the Complaint contains only a legal conclusion to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI admits only that it was the record employer of Plaintiff during portions of the time frame alleged in the Complaint, and denies the remaining allegations asserted in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint contains only a legal conclusion to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI denies the allegations asserted in Paragraph 77 of the Complaint.

78.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 78 of the Complaint.

79.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 79 of the Complaint.

77.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in the second Paragraph 77 of the Complaint.[3]

78.     The second Paragraph 78 of the Complaint contains only a legal conclusion to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI denies the allegations asserted in the second Paragraph 78 of the Complaint.

79.     The second Paragraph 79 of the Complaint contains legal conclusions to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI denies the allegations asserted in the second Paragraph 79 of the Complaint.

80.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 80 of the Complaint.

---

[3] Plaintiff's Complaint is misnumbered to include two Paragraphs 77, 78, and 79. For purposes of its Answer, TSI has adopted this misnumbering.

81.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 81 of the Complaint.

82.     TSI incorporates its responses to the preceding paragraphs as if fully incorporated herein.

83.     Paragraph 83 of the Complaint contains only a legal conclusion to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI admits only that it was the record employer of Plaintiff during portions of the time frame alleged in the Complaint, and denies the remaining allegations asserted in Paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint contains only a legal conclusion to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI denies the allegations asserted in Paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint contains only a legal conclusion to which no response is required.

86.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 86 of the Complaint.

87.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 87 of the Complaint.

88.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 88 of the Complaint.

89.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 89 of the Complaint.

90.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 90 of the Complaint.

91.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 91 of the Complaint.

92.     TSI incorporates its responses to the preceding paragraphs as if fully set forth herein.

93.     Paragraph 93 of the Complaint contains only a legal conclusion to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI admits only that it was the record employer of Plaintiff during portions of the time frame alleged in the Complaint, and denies the remaining allegations asserted in Paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint contains only a legal conclusion to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI denies the allegations asserted in Paragraph 94 of the Complaint.

95.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 95 of the Complaint.

96.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 96 of the Complaint.

97.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint contains only a legal conclusion to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI denies the allegations asserted in Paragraph 98 of the Complaint.

99.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 99 of the Complaint.

100.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 100 of the Complaint.

101.     Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 101 of the Complaint.

102.     TSI incorporates its responses to the preceding paragraphs as if fully set forth herein.

103.     Paragraph 103 of the Complaint contains only a legal conclusion to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI admits only that it was the record employer of Plaintiff during portions of the time frame alleged in the Complaint, and denies the remaining allegations asserted in Paragraph 103 of the Complaint.

104.     Paragraph 104 of the Complaint contains only a legal conclusion to which no response is required. Additionally, Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent a response is required, TSI denies the allegations asserted in Paragraph 104 of the Complaint.

105.     Paragraph 105 of the Complaint contains only a legal conclusion to which no response is required.

106.    Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 106 of the Complaint.

107.    Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 107 of the Complaint.

108.    Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 108 of the Complaint.

109.    Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 109 of the Complaint.

110.    Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 110 of the Complaint.

111.    Plaintiff has agreed to withdraw her claims under the VHRA as stated in her Response in Opposition to TSI's Motion to Dismiss dated April 25, 2023 [Dkt. 14]. To the extent any response is required, TSI denies the allegations asserted in Paragraph 111 of the Complaint.

112.    TSI incorporates its responses to the preceding paragraphs as if fully set forth herein.

113.    Paragraph 113 of the Complaint contains only a legal conclusion to which no response is required. To the extent a response is required, TSI admits only that it was the record

employer of Plaintiff during portions of the time frame alleged in the Complaint, and denies the remaining allegations asserted in Paragraph 113 of the Complaint.

114.    Paragraph 114 of the Complaint contains only a legal conclusion to which no response is required. To the extent a response is required, TSI denies the allegations asserted in Paragraph 114 of the Complaint.

115.    Paragraph 115 of the Complaint contains only a legal conclusion to which no response is required.

116.    TSI denies the allegations asserted in Paragraph 116 of the Complaint.

117.    TSI denies the allegations asserted in Paragraph 117 of the Complaint.

118.    TSI denies the allegations asserted in Paragraph 118 of the Complaint.

119.    TSI denies the allegations asserted in Paragraph 119 of the Complaint.

120.    TSI denies the allegations asserted in Paragraph 120 of the Complaint.

121.    TSI denies the allegations asserted in Paragraph 121 of the Complaint.

122.    TSI incorporates its responses to the preceding paragraphs as if fully set forth herein.

123.    Paragraph 123 of the Complaint contains only a legal conclusion to which no response is required. To the extent a response is required, TSI admits only that it was the record employer of Plaintiff during portions of the time frame alleged in the Complaint, and denies the remaining allegations asserted in Paragraph 123 of the Complaint.

124.    Paragraph 124 of the Complaint contains only a legal conclusion to which no response is required. To the extent a response is required, TSI denies the allegations asserted in Paragraph 124 of the Complaint.

125.    TSI denies the allegations asserted in Paragraph 125 of the Complaint.

126.    TSI denies the allegations asserted in Paragraph 126 of the Complaint.

127.    TSI denies the allegations asserted in Paragraph 127 of the Complaint.

128.    Paragraph 128 of the Complaint contains only a legal conclusion to which no response is required. To the extent a response is required, TSI denies the allegations asserted in Paragraph 128 of the Complaint.

129.    TSI denies the allegations asserted in Paragraph 129 of the Complaint.

130.    TSI denies the allegations asserted in Paragraph 130 of the Complaint.

131.    TSI denies the allegations asserted in Paragraph 131 of the Complaint.

132.    TSI incorporates its response sot the preceding paragraphs as if fully set forth herein.

133.    Paragraph 133 of the Complaint contains only a legal conclusion to which no response is required. To the extent a response is required, TSI admits only that it was the record employer of Plaintiff during portions of the time frame alleged in the Complaint, and denies the remaining allegations asserted in Paragraph 133 of the Complaint.

134.    Paragraph 134 of the Complaint contains only a legal conclusion to which no response is required. To the extent a response is required, TSI denies the allegations asserted in Paragraph 134 of the Complaint.

135.    Paragraph 135 of the Complaint contains only a legal conclusion to which no response is required.

136.    TSI denies the allegations asserted in Paragraph 136 of the Complaint.

137.    TSI denies the allegations asserted in Paragraph 137 of the Complaint.

138.    TSI denies the allegations asserted in Paragraph 138 of the Complaint.

139.    TSI denies the allegations asserted in Paragraph 139 of the Complaint.

140.    TSI denies the allegations asserted in Paragraph 140 of the Complaint.

141.    TSI denies the allegations asserted in Paragraph 141 of the Complaint.

## GENERAL DENIAL

TSI denies each and every factual allegation contained in the Complaint that is not expressly admitted in the preceding paragraphs of this Answer. In further response, all allegations, headings, and unnumbered paragraphs not expressly admitted herein are denied. Additionally, TSI denies that Plaintiff is entitled to any form of relief, including, but not limited to the relief requested in her Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving any non-affirmative defenses that are not stated herein and without assuming the burden of proof on any defense where the law provides otherwise, TSI submits its affirmative and other defenses to the claims set forth in the Complaint as follows:

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint fails to state a claim upon which relief may be granted for the reasons stated with more particularity in TSI's pending motion to dismiss the Complaint.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to properly exhaust her administrative remedies as required under the Virginia Human Rights Act.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, for her failure to mitigate her alleged damages.

## FOURTH DEFENSE

Plaintiff's claims are subject to dismissal, in whole or in part, to the extent claims made in Plaintiff's Complaint are barred by waiver, estoppel, judicial estoppel, and/or unclean hands. The full extent to which these defenses are applicable, and whether additional grounds exist in support of this defense, will be developed through discovery.

## FIFTH DEFENSE

Plaintiff's claims are subject to dismissal, in whole or in part, to the extent any damages incurred by Plaintiff were caused by her own acts or omissions or the acts or omissions of a party other than TSI.

## SIXTH DEFENSE

Plaintiff's claims are barred, in part, by the employment at-will doctrine.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because TSI exercised reasonable care and in good faith relative to Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are subject to dismissal, in whole or in part, to the extent such the claims made in Plaintiff's Complaint are barred by Plaintiff's failure to schedule such claims as assets in prior proceedings under Title 11 of the United States Code. The extent to which this defense is applicable, and whether additional grounds exist in support of this defense, will be developed through discovery.

## NINTH DEFENSE

TSI relies on all defenses, express or implied, contained in the Virginia Human Rights Act.

TENTH DEFENSE

Plaintiff's retaliation claims are barred insofar as any complaint was not based upon a good faith, reasonable belief that TSI was engaged in an unlawful employment practice.

ELEVENTH DEFENSE

Plaintiff's retaliation claims are barred because Plaintiff failed to engage in any form of protected activity.

TWELFTH DEFENSE

TSI has no liability for any purported harassment of Plaintiff because TSI exercised reasonable care to prevent and correct any harassment and Plaintiff unreasonably failed to take advantage of preventive or remedial opportunities provided by TSI.

THIRTEENTH DEFENSE

TSI may not be held liable for the acts and/or omissions of other parties, including, without limitation, under any agency, vicarious liability and/or joint employer theory.

FOURTEENTH DEFENSE

Plaintiff's claims against TSI fail, in whole or in part, because Plaintiff did not suffer any adverse employment action associated with TSI.

FIFTEENTH DEFENSE

TSI may not be held liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, and/or physical conditions not the result of any act or omission of TSI.

SIXTEENTH DEFENSE

Plaintiff is barred from pursuing punitive damages because TSI engaged in no acts or omissions which rise to the level required to sustain an award of punitive damages.

## SEVENTEENTH DEFENSE

Any award of punitive damages will violate the substantive and procedural safeguards guaranteed to Defendant by the United States and Virginia Constitutions; any punitive damages award is therefore barred.

## EIGHTEENTH DEFENSE

Defendants reserve the right to assert additional defense as the case progresses.

Respectfully submitted this 26th day of October, 2023.

**ARNALL GOLDEN GREGORY LLP**

By:  _/s/ Justin F. Ferraro_

Justin F. Ferraro
Virginia State Bar No. 92226
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4967
Fax: 202.677.4031
justin.ferraro@agg.com

Henry Perlowski
_Pro Hac Vice forthcoming_
171 17th Street NW, Suite 2100
Atlanta, GA 30363
Telephone: 404.873.8684
henry.perlowski@agg.com

Lindsey Locke
_Pro Hac Vice forthcoming_
171 17th Street NW, Suite 2100
Atlanta, GA 30363
Telephone: 404.873.8712
lindsey.locke@agg.com

_Attorneys for Defendant Temporary Solutions, Inc._

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2023, I filed the foregoing Temporary Solutions, Inc.'s Answer using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.


Dated: October 26, 2023                    By:   /s/ *Justin F. Ferraro*

Justin F. Ferraro
Virginia State Bar No. 92226
ARNALL GOLDEN GREGORY LLP
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4967
Fax: 202.677.4031
justin.ferraro@agg.com