UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| DEIRDRE YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON GAS LIGHT | ) | Civil Case No. 1:23-cv-00445-PTG-JFA |
| COMPANY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TEMPORARY SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WASHINGTON GAS LIGHT COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant Washington Gas Light Company ("Defendant" or "Washington Gas"), by and through their undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff Deirdre Young's ("Plaintiff" or "Ms. Young") First Amended Complaint ("Complaint"). (Dkt. 1-7). To the extent Defendant does not expressly or specifically admit any allegation in the Complaint, it is denied.[1]

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

---

[1] By filing this Answer, Washington Gas does not waive or concede any argument made in the Motion to Dismiss Plaintiff's First Amended Complaint filed on April 11, 2023. (Dkt. 10). Washington Gas maintains that its Motion should be granted, and the First Amended Complaint should be dismissed in its entirety, for failing to state a claim upon which relief may be granted. Washington Gas files this Answer pursuant to the Court's Order dated October 27, 2023 (Dkt. 29) granting in part its motion for extension of time to file an answer (Dkt. 25) and directing the filing of this Answer within seven (7) days of the Order.

**ANSWER**

Defendant responds as follows as to the specific allegations in the Complaint:

Defendant denies the truth of the allegations in the preamble that precedes Paragraph 1 of the Complaint.

<u>PARTIES</u>

1.      Defendant admits only that Plaintiff was employed by Temporary Solutions, Inc. ("Temporary Solutions" or "TSI") and was placed at Washington Gas as a contractor from approximately February 2018 until March 2020 pursuant to a contract for staff and services between Temporary Solutions and Washington Gas.  Defendant denies the remaining factual allegations in Paragraph 1.  The allegations in Paragraph 1 that Plaintiff was an employee under the Virginia Human Rights Act ("VHRA") and under 42 U.S.C. § 2000 et seq. state a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 1 and denies that they support a viable cause of action or that Plaintiff is entitled to any relief against Washington Gas in this case.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

2.      Defendant admits that Washington Gas is a regulated natural gas utility that serves more than 1 million customers in the Washington, DC area.  The allegation in Paragraph 2 that Defendant was Plaintiff's employer under 42 U.S.C. § 2000 et seq. states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 2 and denies that they support a viable cause of action or that Plaintiff is entitled to any relief against Washington Gas in this case.

CORE/0833121.0015/185336644.2

3.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 3, and therefore denies the allegations.

<u>JURISDICTION & VENUE</u>

4.     Paragraph 4 as to jurisdiction states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 4 and denies that they support a viable cause of action or that Plaintiff is entitled to any relief against Washington Gas in this case.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

5.     Paragraph 5 as to venue states a conclusion of law to which no response is required.  Defendant denies the truth of each and every allegation in the remainder of Paragraph 5 and denies that they support a viable cause of action or that Plaintiff is entitled to any relief against Washington Gas in this case.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

6.     Defendant admits that Plaintiff filed a charge of discrimination against Washington Gas and Temporary Solutions with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about August 11, 2020, Charge No. 570-2020-02393.  Defendant denies that it was named in Plaintiff's EEOC Charge No. 570-2020-02394.  Defendant denies that it was Plaintiff's employer.  Defendant denies that the remaining allegations in Paragraph 6 support a viable cause of action or that Plaintiff is entitled to any relief against Washington Gas in this case.

7.      Defendant denies that it ever received notice that Plaintiff filed a claim under the VHRA against Washington Gas with the Virginia Office of the Attorney General, Office of Civil Rights.  Defendant lacks knowledge or sufficient information to admit or deny the truth of the remaining allegations in Paragraph 7, and therefore denies the allegations.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

8.      Defendant admits that on or about October 30, 2020, Plaintiff received a notice of right to sue from the EEOC for Charge No. 570-2020-02393 and that this matter was filed long after the 90-day right to sue period for Charge No. 570-2020-02393 expired.  Defendant denies that it was named in Plaintiff's EEOC Charge No. 520-2020-02394.  Defendant lacks knowledge or sufficient information to admit or deny the truth of the remaining allegations in Paragraph 8, and therefore denies the allegations.

9.      Paragraph 9 states only a conclusion of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the truth of the allegations in Paragraph 9.

<u>STATEMENT OF FACTS</u>

10.      Defendant admits that Plaintiff is a Black female.  Defendant lacks knowledge or sufficient information to admit or deny Plaintiff's age, and therefore denies the allegation. Defendant denies that it was Plaintiff's employer.  Defendant admits that Plaintiff was employed by Temporary Solutions and was placed at Washington Gas in Springfield, Virginia pursuant to a contract for staff and services between Temporary Solutions and Washington Gas.  Defendant denies each and every allegation in the remainder of Paragraph 10.

11.      Defendant admits the allegations in Paragraph 11.

12.     Defendant denies that it was Plaintiff's employer.  Defendant admits that Plaintiff was employed by Temporary Solutions and was placed at Washington Gas in Springfield, Virginia pursuant to a contract for staff and services between Temporary Solutions and Washington Gas between February 5, 2018 and March 17, 2020.  Defendant denies each and every allegation in the remainder of Paragraph 12.

13.     Paragraph 13 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 13 and admits only that Plaintiff's placement at Washington Gas was pursuant to a contract for staff and services between Temporary Solutions and Washington Gas.

14.     Defendant denies that it was Plaintiff's employer.  Defendant lacks knowledge or sufficient information to admit or deny that Plaintiff's title was "Proctoring Administrator" in February 2018, and therefore denies the allegation.  Defendant admits that as of April 2019, Plaintiff's title was "Proctor Coordinator."  Defendant denies the remaining allegations in Paragraph 14 as stated and admits that the Washington Gas 2019 Statement of Work sets forth, *inter alia*, the Proctor Coordinator duties and the materials and access Washington Gas provided to facilitate the work.

15.     Defendant lacks knowledge or sufficient information to admit or deny that Plaintiff was promoted to a "Proctoring Coordinator" in October 2018, and therefore denies the allegation. Defendant admits that as of April 2019, Plaintiff's title was "Proctor Coordinator."  Defendant lacks knowledge or sufficient information to admit or deny the truth of the remaining allegations in Paragraph 15, and therefore denies the allegations.

16.     Defendant admits that as of April 2019, Plaintiff's title was "Proctor Coordinator." Defendant denies each and every allegation in the remainder of Paragraph 16.

5

17.     Defendant denies the truth of the allegations in Paragraph 17 and further states that Washington Gas did not give performance reviews to Plaintiff because Washington Gas was not Plaintiff's employer.

18.     Defendant admits that Thomas Robb ("Mr. Robb") is a Caucasian male and that he was an employee of Washington Gas.  Defendant admits that Mr. Robb began to supervise Plaintiff and other individuals who were employed by Temporary Solutions and placed at Washington Gas pursuant to a contract for staff and services between Temporary Solutions and Washington Gas. Defendant lacks knowledge or sufficient information to admit or deny whether these individuals were all African-American females, and therefore denies the allegation.  Defendant denies each and every allegation in the remainder of Paragraph 18.

19.     Defendant lacks knowledge or sufficient information to admit or deny the truth of whether the alleged statements were made in the time period identified in Paragraph 19. Defendant admits that Mr. Robb shared with the contractor staff that he came from a mixed race family. Defendant lacks knowledge or sufficient information to admit or deny the truth of the remaining allegations in Paragraph 19, and therefore denies the allegations.

20.     Defendant denies the allegations in Paragraph 20.

21.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 21, and therefore denies the allegations.

22.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 22, and therefore denies the allegations.

23.     Paragraph 23 as to direct evidence of age discrimination states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 23.  Defendant lacks knowledge or sufficient information

6

to admit or deny the truth of the remaining allegations in Paragraph 23, and therefore denies the allegations.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims and therefore has no basis to assert an age discrimination claim in this action.**

24.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 24, and therefore denies the allegations.

25.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 25, and therefore denies the allegations.

26.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 26, and therefore denies the allegations.

27.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 27, and therefore denies the allegations.

28.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 28, and therefore denies the allegations.

29.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 29, and therefore denies the allegations.

30.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 30, and therefore denies the allegations.

<u>YOUNG'S PROTECTED ACTIVITIES</u>

31.     Paragraph 31 as to what constitutes protected activity states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 31.  Defendant lacks knowledge or sufficient information to

7

admit or deny the truth of the remaining allegations in Paragraph 31, and therefore denies the allegations.

32.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 32, and therefore denies the allegations.

33.     Paragraph 33 as to what constitutes protected activity states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 33.  Defendant lacks knowledge or sufficient information to admit or deny the truth of the remaining allegations in Paragraph 33, and therefore denies the allegations.

34.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 34, and therefore denies the allegations.

35.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 35, and therefore denies the allegations.

36.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 36, and therefore denies the allegations.

37.     Defendant denies that it was the employer of Plaintiff, Tyrita Thomas, or Contressa Keitt.  Defendant lacks knowledge or sufficient information to admit or deny the truth of the remaining allegations in Paragraph 37, and therefore denies the allegations.

38.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 38, and therefore denies the allegations.

39.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 39, and therefore denies the allegations.

CORE/0833121.0015/185336644.2

40.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 40, and therefore denies the allegations.

41.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 41, and therefore denies the allegations.

42.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 42, and therefore denies the allegations.

43.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 43, and therefore denies the allegations.

44.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 44, and therefore denies the allegations.

45.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 45, and therefore denies the allegations.

46.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 46, and therefore denies the allegations.

47.     Defendant denies the truth of the allegations in Paragraph 47.

48.     Defendant denies the truth of the allegations in Paragraph 48.

49.     Defendant denies the truth of the allegations in Paragraph 49.

50.     Defendant denies the truth of the allegations in Paragraph 50.

51.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 51, and therefore denies the allegations.

52.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 52, and therefore denies the allegations.

53.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 53, and therefore denies the allegations.

54.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 54, and therefore denies the allegations.

55.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 55, and therefore denies the allegations.

56.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 56, and therefore denies the allegations.

57.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 57, and therefore denies the allegations.

58.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 58, and therefore denies the allegations.

59.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 59, and therefore denies the allegations.

60.     Defendant admits that Plaintiff was one of several Temporary Solutions employees placed at Washington Gas pursuant to a contract for staff and services between Temporary Solutions and Washington Gas who were furloughed in March 2020 because of the COVID-19 pandemic.

61.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 61, and therefore denies the allegations.

62.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in Paragraph 62, and therefore denies the allegations.

63.     Defendant denies the truth of the allegations in Paragraph 63.

CORE/0833121.0015/185336644.2

64.     Defendant denies the truth of the allegations in Paragraph 64.

<div align="center">CAUSES OF ACTION</div>

<div align="center">COUNT I. AGE DISCRIMINATION UNDER THE VHRA</div>

65.     Defendant fully incorporates its responses to the preceding paragraphs as if fully set forth herein.

66.     Paragraph 66 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 66.  Defendant denies that it was Plaintiff's employer.  Defendant denies that Plaintiff exhausted her administrative remedies.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

67.     Paragraph 67 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 67.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

68.     Paragraph 68 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 68.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

69.     Paragraph 69 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 69.

Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

70.   Defendant denies the truth of the allegations in Paragraph 70.

71.   Defendant denies the truth of the allegations in Paragraph 71.

72.   Defendant denies the truth of the allegations in Paragraph 72.

73.   Defendant denies the truth of the allegations in Paragraph 73.   Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

74.   Defendant denies the truth of the allegations in Paragraph 74.   Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

## COUNT II. AGE BASED HARASSMENT UNDER THE VHRA

75.   Defendant fully incorporates its responses to the preceding paragraphs as if fully set forth herein.

76.   Paragraph 76 states a conclusion of law to which no response is required.   To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 76.   Defendant denies that it was Plaintiff's employer.   Defendant denies that Plaintiff exhausted her administrative remedies.   Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

CORE/0833121.0015/185336644.2

77.     Paragraph 77 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 77. Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

78.     Paragraph 78 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 78. Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

79.     Paragraph 79 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 79. Defendant lacks knowledge or sufficient information to admit or deny the remaining allegations in Paragraph 79, and therefore denies the allegations.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims**.

77.     Paragraph 77 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 77. Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims**.[2]

---

[2] The Complaint is misnumbered to include two Paragraphs 77, 78, and 79.  For purposes of this Answer, Defendant has adopted this misnumbering.

78.     Paragraph 78 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 78. Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

79.     Paragraph 79 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 79. Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

80.     Paragraph 80 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 80. Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

81.     Paragraph 81 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 81. Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

<u>COUNT III. RACE DISCRIMINATION UNDER THE VHRA</u>

82.     Defendant fully incorporates its responses to the preceding paragraphs as if fully set forth herein.

CORE/0833121.0015/185336644.2

83.     Paragraph 83 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 83. Defendant denies that it was Plaintiff's employer.  Defendant denies that Plaintiff exhausted her administrative remedies.   Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

84.     Paragraph 84 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 84. Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

85.     Paragraph 85 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 85. Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

86.     Paragraph 86 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 86. Defendant denies the truth of each and every remaining allegation in Paragraph 86.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss**

(Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.[3]

87.     Defendant denies the truth of the allegations in Paragraph 87.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

88.     Defendant denies the truth of the allegations in Paragraph 88.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

89.     Defendant denies the truth of the allegations in Paragraph 89.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

90.     Paragraph 90 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 90.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**[4]

---

[3] Paragraph 86 asserts that Defendant violated the District of Columbia Human Rights Act ("DCHRA") rather than the VHRA.  In light of the Complaint's other allegations, Defendant believes this reference to the DCHRA to be a typo and that Plaintiff's intent is to allege that Defendant violated the VHRA.  Defendant denies that it violated either the VHRA or the DCHRA.
[4] *See supra* note 3.

91.     Paragraph 91 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 91. Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

<u>COUNT IV. RACE BASED HARASSMENT UNDER THE VHRA</u>

92.     Defendant fully incorporates its responses to the preceding paragraphs as if fully set forth herein.

93.     Paragraph 93 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 93. Defendant denies that it was Plaintiff's employer.  Defendant denies that Plaintiff exhausted her administrative remedies.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

94.     Paragraph 94 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 94. Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

95.     Defendant denies the truth of the allegations in Paragraph 95.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

CORE/0833121.0015/185336644.2

96.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegation regarding whether Plaintiff was extremely offended, and therefore denies the allegation.  Defendant denies the truth of the remaining allegations in Paragraph 96.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

97.     Defendant denies the truth of the allegations in Paragraph 97.   Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

98.     Paragraph 98 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 98.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

99.     Paragraph 99 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 99.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

100.     Defendant denies the truth of the allegations in Paragraph 100.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss**

(Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims**.**

101.    Paragraph 101 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 101.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

COUNT V. RETALIATION UNDER THE VHRA

102.    Defendant fully incorporates its responses to the preceding paragraphs as if fully set forth herein.

103.    Paragraph 103 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 103.  Defendant denies that it was Plaintiff's employer.  Defendant denies that Plaintiff exhausted her administrative remedies.   Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

104.    Paragraph 104 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 104.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

105.    Paragraph 105 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in

Paragraph 105.  Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

106.    Paragraph 106 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 106.   Defendant denies that it was Plaintiff's employer.   Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

107.    Defendant denies the truth of the allegations in Paragraph 107.   Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

108.    Defendant denies the truth of the allegations in Paragraph 108.   Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

109.    Defendant denies the truth of the allegations in Paragraph 109.   Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

110.    Paragraph 110 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 110.   Defendant denies that it was Plaintiff's employer.   Furthermore, **Plaintiff**

CORE/0833121.0015/185336644.2

indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.

111.    Paragraph 111 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 111.   Defendant denies that it was Plaintiff's employer.   Furthermore, **Plaintiff indicated repeatedly in her Opposition to Washington Gas's Motion to Dismiss (Dkt. 15) that she was withdrawing her VHRA claims; Plaintiff has abandoned her VHRA claims.**

COUNT VI. RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

112.    Defendant fully incorporates its responses to the preceding paragraphs as if fully set forth herein.

113.    Paragraph 113 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 113.  Defendant denies that it was Plaintiff's employer.

114.    Paragraph 114 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 114.

115.    Paragraph 115 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 115.

116.    Paragraph 116 regarding direct evidence states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 116.  Defendant denies the truth of the remaining allegations in Paragraph 116.

CORE/0833121.0015/185336644.2

117.    Defendant denies the truth of the allegations in Paragraph 117.

118.    Defendant denies the truth of the allegations in Paragraph 118.

119.    Defendant denies the truth of the allegations in Paragraph 119.

120.    Paragraph 120 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 120.

121.    Paragraph 121 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 121.

## COUNT VII. RACE BASED HARASSMENT UNDER 42 U.S.C. § 1981

122.    Defendant fully incorporates its responses to the preceding paragraphs as if fully set forth herein.

123.    Paragraph 123 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 123.  Defendant denies that it was Plaintiff's employer.

124.    Paragraph 124 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 124.

125.    Defendant denies the truth of the allegations in Paragraph 125.

126.    Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegation regarding whether Plaintiff was extremely offended, and therefore denies the allegation.  Defendant denies the truth of the remaining allegations in Paragraph 126.

127.    Defendant denies the truth of the allegations in Paragraph 127.

128.     Paragraph 128 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 128.

129.     Paragraph 129 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 129.  Defendant denies the truth of the remaining allegations in Paragraph 129.

130.     Defendant denies the truth of the allegations in Paragraph 130.

131.     Paragraph 131 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 131.

<u>COUNT VIII. RETALIATION UNDER 42 U.S.C. § 1981</u>

132.     Defendant fully incorporates its responses to the preceding paragraphs as if fully set forth herein.

133.     Paragraph 133 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 133.  Defendant denies that it was Plaintiff's employer.

134.     Paragraph 134 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 134.

135.     Paragraph 135 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 135.

136.    Paragraph 136 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 136.

137.    Defendant denies the truth of the allegations in Paragraph 137.

138.    Defendant denies the truth of the allegations in Paragraph 138.

139.    Defendant denies the truth of the allegations in Paragraph 139.

140.    Paragraph 140 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 140.

141.    Paragraph 141 states a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the truth of the allegations in Paragraph 141.

<u>PRAYER FOR RELIEF</u>

Defendant denies that the allegations in the Complaint support a viable cause of action or that Plaintiff is entitled to any relief against Washington Gas in this case.  Accordingly, Defendant denies that Plaintiff is entitled to recover the relief she seeks in Paragraphs a.–g. of the Prayer for Relief.  Defendant denies any remaining allegations of the Complaint not expressly admitted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust her administrative remedies as required under the Virginia Human Rights Act.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff was not employed by Washington Gas.

24

## FOURTH AFFIRMATIVE DEFENSE

Defendant's actions were based upon legitimate business reasons, managerial needs, and lawful principles of personnel management.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's actions were taken for non-discriminatory and non-retaliatory reasons, and the reasons were not pretextual.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver, estoppel, judicial estoppel, and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to dismissal to the extent any damages incurred by Plaintiff were caused by her own acts or omissions or the acts or omissions of a party other than Washington Gas.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Washington Gas exercised reasonable care and good faith relative to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's retaliation claims are barred because Plaintiff failed to engage in any form of protected activity.

## ELEVENTH AFFIRMATIVE DEFENSE

Washington Gas is not liable for the acts and/or omissions of other parties, including, without limitation, under any agency, vicarious liability, and/or joint employer theory.

CORE/0833121.0015/185336644.2

## TWELFTH AFFIRMATIVE DEFENSE

Washington Gas is not liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, and/or physical conditions not the result of any act or omission of Washington Gas.

## THIRTEENTH AFFIRMATIVE DEFENSE

Washington Gas engaged in no acts or omissions that rise to the level required to sustain an award of punitive damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer and assert additional affirmative defenses that may be revealed during discovery.

WHEREFORE, having fully answered, Defendant asks this Court to:

1. Enter judgment that Plaintiff takes nothing;

2. Dismiss Plaintiff's First Amended Complaint with prejudice;

3. Assess costs against Plaintiff; and

4. Award Defendant all other relief to which it is entitled.

DATED: November 3, 2023

Respectfully submitted,

**STINSON LLP**

By: _____
Grant E. Mulkey
Virginia State Bar No. 82452
1201 Walnut Street
Suite 2900
Kansas City, MO 64106

CORE/0833121.0015/185336644.2

Telephone: 816.691.3203
Fax: 816.412.8124
grant.mulkey@stinson.com

Bernadette C. Sargeant
Admitted *Pro Hac Vice*
1775 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
Telephone: 202.728.3018
bernadette.sargeant@stinson.com

*Counsel for Defendant Washington Gas
Light Company*

CORE/0833121.0015/185336644.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 3, 2023, I filed Defendant Washington Gas Light

Company's Answer and Affirmative Defenses to First Amended Complaint using the Court's

CM/ECF system, which will send a notice of electronic filing to all parties of record.


DATED: November 3, 2023

<div style="margin-left: 40%;">

Respectfully submitted,

**STINSON LLP**

By: _____
Grant E. Mulkey
Virginia State Bar No. 82452
1201 Walnut Street
Suite 2900
Kansas City, MO 64106
Telephone: 816.691.3203
Fax: 816.412.8124
grant.mulkey@stinson.com

</div>